STANISLAUS SOMO, Appellant, v. JAMES D. OLIVER, Respondent.*

## No. 4911; April 3, 1876.

**State Land—Contests.**—**The District Court has No Jurisdiction** of a contest set on foot in the state land office by a party seeking to purchase lands of the state, as against another party to whom a patent for the lands has been issued by the state before the filing of his application by the contestant.

APPEAL from Seventh Judicial District, Mendocino County.

Benjamin Morgan for appellant; R. McGarvey for respondent.

RHODES, J.—It appears from the record that a patent was issued by the state to the defendant for the lands in controversy on the second day of April, 1873; that on the seventh day of April, 1873, a certificate of survey in the name of plaintiff was filed in the office of the surveyor general; that on the same day the plaintiff filed his protest against the issuing of a patent to the defendant for the portion of the lands embraced in the plaintiff's survey; and that upon the demand of the plaintiff, the contest was referred to the district court for determination. It is provided by section 3414 of the Political Code that "when a contest arises concerning the approval of a survey or location, before the surveyor

---

*For subsequent opinion, see Somo v. Oliver, 52 Cal. 378.

general, or concerning a certificate of purchase or other evidence of title, before the register,'' the officer before whom the contest is made may in certain cases hear and determine the same, and in other cases he must certify the contest to the proper district court for determination.

The question which we regard as the vital one in the case is, whether the district court has jurisdiction of a contest set on foot in the state land office by a party seeking to purchase lands of the state, as against another party to whom a patent for the lands had been issued by the state, before the application of the contestant was filed. We are of the opinion that the district court has no jurisdiction of such a contest —that a contest of that character does not come within the meaning of section 3414, above cited. The statute does not, in our opinion, contemplate that a patent may be attacked in that mode. The purpose of the contest provided for by the code is not to determine whether the title has rightfully passed from the state, but whether one of the parties has, under the law, the right to purchase the lands from the state.

This question has not been discussed by counsel, but we are so well satisfied of the correctness of the conclusion above announced, that we place our decision of the case on that ground.

Cause remanded, with directions to dismiss the action.

We concur: Niles, J.; Crockett, J.; McKinstry, J.; Wallace, C. J.